**Catherine Leigh STOPHLET, Plaintiff—Appellant,**

v.

**COUNTY OF ORANGE; et al., Defendants—Appellees.**

No. 05–55764.

United States Court of Appeals, Ninth Circuit.

Submitted April 9, 2007 *.

Filed April 17, 2007.

Jerry L. Steering, Esq., Law Office of Jerry L. Steering, Newport Beach, CA, for Plaintiff–Appellant.

Nancy E. Zeltzer, Esq., Lewis Brisbois Bisgaard & Smith, LLP, Costa Mesa, CA, S. Frank Harrell, Esq., Lynberg and Watkins, A Professional Corporation, Orange, CA, for Defendants–Appellees.

Before: PREGERSON, FERNANDEZ, and SILER **, Circuit Judges.

MEMORANDUM ***

Petitioner Catherine L. Stophlet appeals the district court's denial of her motion for

** The Honorable Eugene E. Siler, Jr., Senior United States Circuit Judge for the Sixth Circuit, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provid-

670

leave to amend her complaint. We have jurisdiction under 28 U.S.C. § 1292, and we affirm.

We review the denial of leave to amend a complaint for abuse of discretion. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 725 (9th Cir.2000). Because California's statute of limitations applies to Stophlet's claim, state law governs. *See Knox v. Davis*, 260 F.3d 1009, 1012 (9th Cir. 2001).

Stophlet failed to establish the necessary elements of estoppel. *See Doheny Park Terrace Homeowners Ass'n, Inc. v. Truck Ins. Exch.*, 132 Cal.App.4th 1076, 34 Cal. Rptr.3d 157, 174 (2005). There is no evidence that Respondents intended to induce Stophlet's reliance on the letter. Stophlet was not "ignorant" of the date of the incident, as she was present at the scene and reported the incident to the Sheriff's Department. Lastly, Stophlet's reliance on the Sheriff's letter was unreasonable because the letter did not contain the date of the incident at issue.

We also find that the district court appropriately denied tolling of the statute of limitations because Stophlet failed to demonstrate that she acted diligently in pursuing her claim. *See Downs v. Dep't of Water & Power*, 58 Cal.App.4th 1093, 68 Cal.Rptr.2d 590, 593 (1997).

We need not address Stophlet's argument that the application of equitable estoppel is a question of fact to be determined by the jury because Stophlet did not raise this issue in the district court. *See Rothman v. Hosp. Serv. of Southern Cal.*, 510 F.2d 956, 960 (9th Cir.1975) ("It is a well-established principle that in most instances an appellant may not present ar-

ed by 9th Cir. R. 36–3.

guments in the court of appeals that it did not properly raise in the court below.").

Accordingly, we affirm the district court's denial of leave to amend Stophlet's complaint.

AFFIRMED.